PC SCAN/RANDOM PC9
RECEIVED JC
9/6/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

SCANNED at MENARD and E-mailed
9-6-23 by JC   27 pages
Date     initials  No.

EARL FABER

**23-CV-7227**

(Enter above the full name of the plaintiff or plaintiffs in this action)

**JUDGE ALONSO**
**MAGISTRATE JUDGE CUMMINGS**

vs.

LT. Derek Jaburek, c/o Malte Roling, c/o J. Contreras, B. Carnahan, Yvette Baker, Debbie Knauer, John Does

Case No: _____
(To be supplied by the Clerk of this Court)

(Enter above the full name of ALL defendants in this action. <u>Do not use "et al."</u>)

**CHECK ONE ONLY:**

✓     **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

_____     **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

_____     **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I. **Plaintiff(s):**

A. Name: Earl C. Faber Jr.

B. List all aliases: Deshawn Wilson

C. Prisoner identification number: K82964

D. Place of present confinement: Menard Corr. Ctr.

E. Address: P.O. Box 1000 Menard, IL. 62259

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A. Defendant: Derek Jaburek #8787

Title: LIEUTENANT

Place of Employment: Stateville Corr. Ctr. P.O. Box 112, Joliet, IL. 60434

B. Defendant: C/O MALTE Roling #11995

Title: Correctional Officer

Place of Employment: Stateville Corr. Ctr. P.O. Box 112, Joliet, IL. 60434

C. Defendant: J. Contreras

Title: Correctional Officer

Place of Employment: Stateville Corr. Ctr. P.O. Box 112, Joliet, IL. 60434

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Defendant #4

Defendant B. Carnahan #11160 is employed as a Correctional Officer with Stateville Corr. Center At P.O. Box 112, Joliet, IL. 60434

Defendant #5

Defendant Yvette Baker is Employed As the Grievance Officer At Menard Correctional Center At P.O. Box 1000, Menard, IL. 62259

Defendant #6

Defendant DEBBIE KNAUER is Employed AS A Member of the ADMINISTRATIVE REVIEW BOARD at 1301 Concordia Court, Springfield, IL 62794

Defendant #7

Defendant Numerous John Does is employed as Correctional Officers at Stateville Correctional Center, At P.O. Box 112, Joliet, IL. 60434

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

    A. Name of case and docket number: _____

    B. Approximate date of filing lawsuit: _____

    C. List all plaintiffs (if you had co-plaintiffs), including any aliases: _____

    D. List all defendants: _____

    E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

    F. Name of judge to whom case was assigned: _____

    G. Basic claim made: _____

    H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____

    I. Approximate date of disposition: _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IV. Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

I bring forth this claim #1, Excessive force, that resulted out of a fabricated disciplinary report dated 5-7-21, by one of the named defendants in this claim #1 of excessive force, Cruel and unusual Punishment.

I state that in preparing to file this civil rights action, the Department Of Corrections MEDICAL/Records Office has continuously obstructed in my pursuit of justice to get Medical records or pictures of my injuries in which I will seek in discovery phase of this civil rights claim if not given during discovery.

I currently have a grievance on Medical/Records office for Obstructing and not answering my timely request to produce said documents & photos that will be named in this excessive force, claim, at the time of filing this Complaint, Internal Affairs Included.

I had to file this just 1983 Civil rights Complaint now so I could make the 2 year deadline & not be barred from filing this honorable civil rights complaint against named defendants. So I'm just bringing to the courts attention now about the obstructing thats going on, & pray this court allows me to supplement evidence if so needed or amendment.

4

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## *CLAIM #1: (Creul & Unusual Punishmen & Excessive Force)

1.) On May 7, 2021, while attending a call pass at the health care unit, an unrelated fight broke out w/ two prisoner's inside the bull-pen. The incident became so chaotic that multiple C/O's bombarded the holding cage deploying mace uncontrolably. Everyone that was not involved w/ the fight was rushed outside the cage by C/O's including myself. As guys refused to re-enter the holding cage because of the vast amount of mase that was just deployed inside the holding-cage, I myself was stuck & prevented from re-entering the holding cage.

2.) To maintain order, C/O's & Lt. Juburek began yelling and threat-ing to Mace guys if they did not re-enter the holding cage. As it was so many bodies in the tight space, the individuals that was holding everyone up wouldn't move, so no one else was able to move.

3.) C/O Carnahan was present also & was trying to gain order as well as Roling & Contreras.

4.) Lieutenant Jaburek was closes to me yelling & threating to Mace guys for not moving and I turned to him and stated can you stop yelling in my ear at the top of your lungs. In response, Lt. Jaburek commanded me to get my black ass back inside

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

the holding cage & he then undid the button to his Mace holder.

5.) I then told Lt. Jaburek you see I can't go anywhere he (Jaburek) then tried grabbing my arm and I snatched it away from his grip while informing him why are you touching me I did nothing wrong.

6.) Lt. Jaburek became irrate saying you want to snatch away from me nigger. I was subsequently tackled to the ground. Lt. Jaburek, C/o Carnahan, Roling, & Contreras took part in restraining me as I continously pleaded what did I do wrong, what is all this for.

7.) Lt. Jaburek then stated to his officers to make an example out of this Mutha-Fucker! Understanding that, that Mutha-Fucker was me, I was then cuffed behind my back, lifted in the air & carried out the health care as if I was hog tied game by these officers at a sporting event. This behavior is not required by I.D.O.C. policies & especially from someone who has showed no signs of resistence. This behavior by correctional officers was not for security purposes, but solely to humiliate, degrade & embarrass me.

8.) While carrying me in the tunnel leaving healthcare C/o Carnahan was telling them good job on how they have me hog tied turning the blind-eye to there conduct as well as participating in the hog tying.

9.) When out in the tunnel and on the way to the internal affairs office, Officer's, Contreras being one of them purposely dropped me on my shoulder & face numerous of times injuring them both. Lt. Jaburek watched as these officer's uttered the word "opps" you slipped out my hands & would pick me back up only to drop me again and

While on the ground Lt. Jaburek shouted profanity at me & kicked me in the abdomen. When I yelled for Lt. Jaburek to stop kicking me, he deployed ~~necessary~~ mace into my face.

10.) Once at the Internal Affairs Office, the brutal assault didn't stop. They rammed my head into the wall which caused it to bust open and at that point I almost passed out. I was then roughly hand cuffed to a bench for hours. The cuffs were so tight on my wrist that ~~they~~ left abrasions on my wrist & my hands swelled nearly two times there size.

## *CLAIM #2*
## DELIBERATE INDIFFERENCE

11.) As I remained tightly hand cuffed to the bench, I pleaded to officer's Roling, Jaburek & Contreras to be taken to health care to be properly medically treated. Lt. Jaburek stated I wasn't getting shit as I sat w/ mace in my face & blood ran down the side of my head.

12.) That night I was taken to X-house & placed inside a filthy cell and transferred the next morning to Menard Correctional Center on May 8th, 2021. I was never taken to health care to properly treat my injuries.

13.) Despite trying to clean up the blood & mace off my body as best as possible in the cell before leaving Stateville Correctional Center, when I arrived to Menard Correction Center they immediately saw

the condition I was in and took pictures of my injuries.

14.) I was also properly seen by Menard's Medical unit for the first time since the brutal assault.

### *CLAIM #3*
### Turning The Blind eye to
### The Defendants Conduct / Due Process Violation

15.) I wrote a grievance on 6-28-2021, challenging the disciplinary and what really happen as far as the staff brust brutally assaulting me and grievance officer Yvette Baker at Menard Correction Center totally overlooked any mentioning about the brutal assault and only addressed procedures about the disciplinary report and stating nothing about what the officer's did to me turning the blind eye to the conduct, (Grievance #18-8-21 Menard and grievance officer response attached). Exhibit-G pg. 1-5

16.) Further, Yvette Baker then denied my grievance in which I appealed at Springfield turning the blind eye to the officers captioned with this law suit brutal assault on me. (Exhibit-H pg. 3 of 3), (Exhibit-G pg. 1-5).

17.) When the Administrative Board DEBBIE KNAUER Reviewed my grievance, she also turned a blind eye to the conduct I reported of Lieutenant Jaburek, Roling, Caranahan, Contreras & John Does that watch me continuously be assaulted from the health care unit to the Internal Affairs Office by only answering part of my grievance dealing with the disciplinary reports But not their conduct as stated in grievance #18-8-21, Just as Yvette Baker turned the blind eye to their conduct when reviewing my grievance at a institutional level and failed to address anything on the attack

and assault on me, as well as the grievance officer. (Exhibit-J).

18.) So neither the grievance Officer Yvette Baker or the Administrative Review board member Debbie Knauer addressed my brutal assault when it was in the grievance for them to do so but they turned the blind eye to the officers conduct and denied my grievance all the way through in which my remendies was exhausted and prompted this 1983 civil right complaint.

19.) Prior to the filing of this civil rights complaint a MRI revealed that I had a torn rotator cuff from and as a result of being dropped numerous times with my hands cuffed behind my back when I was in the tunnel going to Internal Affairs Office, which I look to supplement the MRI report in this complaint and when possible, of my shoulder injury, when I get such report.

20.) Furthermore, it was Yvette Baker and Debbie Knauer duty and job obligation to properly answer my grievance making sure I received my due process and by them failing to address the brutal assault violated that due process as both Knauer and Baker are required to answer to each alleged claim within a grievance and they failed to do so as (Exhibit-H pg. 3 of 3),(Exhibit-J) Shows neither addressed the brutal assault of the defendants named herein this Complaint, in claim #1.

  Wherefore, I respectfully ask this court for justice for the injustice thats been bestowed upon me. Thank You for your time.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## V. Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. -- Claim #1 --

1.) Compensatory Damages $200,000 due to my torn rotator cuff which may require surgery but strongly damaged for the rest of my life and mobility is not the same.

2.) Punitive Damage $100,000 all officers involved had the intent to maliciously hurt me and cause me pain by there actions or inactions

## VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

Relief Cont. →

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 5 day of Sept, 2023

_Earl Faber_
(Signature of plaintiff or plaintiffs)

(Print name) Earl C. Faber Jr.

(I.D. Number) K82964

(Address) P.O. Box 1000
Menard, IL. 62259

6

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 04/21/2017

RELIEF CONTINUED:

3.) COMPENSATORY DAMAGES OF $25,000 FOR CLAIM #2 AND THE OFFICERS FAILING TO GET ME MEDICAL ATTENTION KNOWING I WAS MACED AND BLOODY.

4.) PUNITIVE DAMAGES OF $15,000 FOR CLAIM #2 BECAUSE THEY PURPOSELY CAUSED INJURY'S WITH ILL AND MALICIOUS INTENT AND THE INJURY SUSTAINED TO MY SHOULDER WONT ALLOW ME TO LIFT HEAVY THINGS IN MY DAILY ACTIVITIES, POSSIBLY WORK, OR WEIGHTLIFTING AS THATS ALWAYS ON MY MIND.

5.) MENTAL AND EMOTIONAL INJURY $50,000 AS I HAVE PTSD FROM THOSE EVENTS THAT OCCURED, NIGHTMARES, IM AFRAID TO COME IN CLOSE DISTANCE WITH ANY CORRECTIONAL OFFICER IN FEAR HE MIGHT CAUSE HARM TO ME AND FOR THE RACIST COMMENTS ALL OFFICERS CONDONED LIEUTENANT JABUREK IN STATING.

6.) COMPENSATORY DAMAGES OF $10,000 FOR TURNING THE BLIND EYE TO ALL OFFICERS CONDUCT STATED IN GRIEVANCE FOR CLAIM #3.

7.) PUNITIVE DAMAGES OF $10,000 BECAUSE THEY PURPOSELY KNEW THAT THEY WERE NOT ANSWERING AS TO THE BRUTAL ASSAULT AS I HIGHLIGHTED IT VERY WELL IN GRIEVANCE #18-8-21-MEN, BOTH YUETTE BAKER AND DEBBIE KNAUER.

(11)

Assigned Grievance #/Institution: _____ Housing Unit: N2/601 Bed #: B/B

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

1st Lvl rec: _____ 2nd Lvl rec: _____

| Date: 6-28-2021 | Offender (please print): Earl Faber | ID #: K82964 | Race (optional): BLK |
|---|---|---|---|
| Present Facility: MENARD C.C. | Facility where grievance issue occurred: Stateville C |

RECEIVED AUG 03 2021 MENARD CC GRIEVANCE OFFICE

**Nature of grievance:**

- ☐ Personal Property
- ☐ Mail Handling
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ Staff Conduct
- ☐ Dietary
- ☐ HIPAA
- ☐ Restoration of Sentence Credit
- ☐ Transfer Denial by Facility
- ☐ Other (specify): _____
- ☑ Disciplinary Report  6-28-2021     18-8-21 men
   Date of report              Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Search Record, etc.) and place in the designated locked receptacle marked "grievance":

  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
  Chief Administrative Officer, only if EMERGENCY grievance
  Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I am drafting this current grievance to appeal the ~~summary~~ May 18, 2021 Summary Judgment under incident/ticket # 202100623/1 by Lt. D. Jaburek badge # 8787 and incident/ticket # 202101624/1 by C/O Malte B. Roling badge # 11995 for the following reasons: Here in this instant allegation, the incident occurred on May 7, 2021. In contrast, Lt. Derek J. Jaburek reported the incident as occurring on July 5, 2021, 63 days after the actual incident. (See attached exhibit-A pg. 1 of 1). The reviewing officer was obligated under Section 504.50 Subsection

☒ Continued on reverse

**Relief Requested:**

That the charges be followingly dismissed and expunged from grievant's Master file.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.
☑ Check if this is NOT an emergency grievance.

Earl Faber              K82964          6-28-2021
Offender's Signature    ID#             Date

(Continue on reverse side if necessary)

RECEIVED JUL 06 2021 ADMINISTRATIVE REVIEW BOARD

**Counselor's Response (if applicable)**   Date Received: _____   ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response: _____

_____ Print Counselor's Name    Sign Counselor's Name    Date

Note to offender: If you disagree with the counselor's response, it is your responsibility to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:** Date Received: _____

Is this determined to be of an emergency nature:
☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____ Chief Administrative Officer's Signature    Date
Page 1 of 2    3B ODR 6-30-21 (JTA)

Distribution: Master File; Offender   1 of 5   DOC 0046 (Rev. 01/2020)

Exhibit-G pg. 1 of 5

| Assigned Grievance #/Institution: | | Housing Unit: | Bed #: |
|---|---|---|---|
| 1st Lvl rec: | **ILLINOIS DEPARTMENT OF CORRECTIONS**<br>**Offender's Grievance** | 2nd Lvl rec: | |

d(2) to make sure that the disciplinary report was completed properly. If not, the reviewing officer was required to make the necessary corrections or direct the reporting employee/officer to make the corrections as required 24 hrs. prior to grievant's hearing which it was not. Therefore, Summary Judgment under incident ticket # 2021006237/1 by Lt. Derek J. Jaburek must be dismissed according to Section 504.50 Subsection d(2). And expunged of grievant's file immediately.

Further there are one too many contradictions to this report occurrence: ~~[struck through text]~~

First, Lt. Jaburek alleged that after resolving an unrelated matter between two individuals, C/o Nushardt began directing inmates that were standing around into the bullpen. Lt. Jaburek badge # 8787 alleged at that point grievant became aggressive with C/o Nushardt and refused to go into the bullpen. C/o Nushardt did not give a statement nor was he documented as a witness to Jaburek allegations. (See attached exhibit-A pg. 1of1). In contrast, C/o B. Carnahan badge # 11160 reported that Staff Report # 2 alleged verbatim that while attempting to secure bull pen # 2 grievant and I/M Frederick Pigram M04297 pushed them way out the bull pen then refused to be secured into the bull pen. At this point C/o Carnahan alleged that grievant became aggressive with officer # 1 (Jaburek), not C/o Nushardt as Jaburek alleged. (See Attached exhibit-B pg. 2 of 2).

Second, Lt. Jaburek never all reported that grievant (Faber) physically struck, pushed or touched him. He (Jaburek) instead alleged that grievant swung a closed fist which he managed to duck before subsequently taking grievant to the ground to be restraint. (See Attached exhibit-A pg. 1of1) Whereas, C/o B. Carnahan badge # 11160 reported the complete opposite in I/M Frederick Pigram disciplinary report. Alleging that grievant aggressively pushed officer #1 (Jaburek) before subsequently being restraint. (See Attached exhibit-B pg. 2 of 2)

Next: Grievant moves to appeal and expunge the additional May 18, 2021, Summary Judgment under incident/ticket # 2021062411 by C/o by Malte B. Roling badge # 11995 for the following reason. R/I Roling allege that on May 7, 2021, he was escorting grievant thru the tunnel of Stateville C.C. with C/o J. Contreras when grievant became aggressive and dipped his head toward the ground and it was Cs. [illegible] and Rx [illegible] reported that Lt. Jaburek following deployed grievant with a burst of OC. R/I Roling alleged that despite grievant being deployed with OC grievant continued to be aggressive. While being escorted into the Internal Affairs Office in which R/I Roling alleged grievant pulled away from him and C/o Contreras an ran into the wall damaging it. (See Attache exhibit-C pg. 1of1) In contrast, grievant request (under F.O.I.A. 5 ILCS 140/1) that video footage of Stateville's Correctional Center tunnels from gate 5 to gate 8 be viewed for the purpose of rebuttal. And what the footage will not only reveal is that grievant was not resisting nor escorted. But instead carried as if he was Hog tied game by officers like a sporting event. This behavior by Correctional officers was not for security purposes, but solely to humiliate, degrade and embarrass grievant. Grievant was also dropped twice because C/o's inability to carry grievant weight. Injuring his right shoulder and facial area. Video should also

3 of 5

#18-8-21

RECEIVED AUG 03 2021 MENARD C.C. GRIEVANCE OFFICE

RECEIVED JUL 06 2021 ADMINISTRATIVE REVIEW BOARD

Show that Lt. Jaburek kicked grievant in the abdomen by the front half portion of the corridors double corridors before you got to gate 5 in the tunnel. O.C. was only deployed after grievant yelled that Lt. Jaburek stop kicking him. Footage will further show that once grievant was bought to his feet due to the officers inability to continuously carry him, at no point was grievant being resistant nor did grievant possess the will power to do so. Instead, video footage by Gate 6, Gate 7, Gate 8, and video footage from inside the internal affairs office reveals grievant was excessively and forcefully man handled by correctional officers. Grievant believe two of the many officers to be R/I Malte B. Roling #11995 and J. Contreras who lead grievant into the internal affairs office at which point grievant head was intentionally and deliberately ran into the wall creating a huge hole damaging it. In further regard to R/I Roling disciplinary report video "tunnel" footage will show grievant did not kick % J. Contreras in the face.

    Under Adjustment Committee Hearing procedures Section 504.80 Sub Section F (1),(2) the grievant may produce any relevant documents in his or he defense. In this regard, grievant was able to produce only one immediate available witness due to the grievant transfer to Menard C.C. from Stateville C.C., and that witness was I/M Frederick Pigram #M04287. Who would have testified and stated that grievant was in fact not the initial aggressor in this matter as being alleged. Witness Pigram would have also provided testimony and statement that grievant did not swing a close fist

Exhibit-G pg. 3 of 5

4 of 5

#18-8-21

RECEIVED
AUG 03 2021
MENARD CC
GRIEVANCE OFFICE

RECEIVED
JUL 06 2021
ADMINISTRATIVE
REVIEW BOARD

at Lt. Jaburek. Footage in R.H. Unit would have corroborated I/M Witness Pigram Statement. Grievant submitted this evidence in writing prior to hearing as well as the rebuttal (video footage, the contradicting disciplinary reports and Lt. Jaburek improper disciplinary report grievance. When grievant appeared before the hearing board grievant requested that his witness ~~~~~ and grievant asked if the Adjustment Committee received document ~~received~~ evidence that would exonerate him of all charges. The Adjustment Committee replied that they did not receive grievant's exonerated evidence. In response, grievant ask for a continuance which is allowed under Section 504.80 Subsection F,(2). However, grievant's continuance was denied. In furtherance, the Adjustment Committee according to Section 504.80 Subsection M,(C,2) was required to state the basis for disregarding grievant's evidence which they failed to do. (See attached exhibit - d & e).

Further, even if it were to be ~~~~~ assumed that grievant committed the alleged offense; Punishing grievant with consecutive ~~~~~ Penalties arising from one incident was incorrect. Section 504.110 (b) clearly states: For example, an offender who is found guilty of assaulting several persons within a short period of time has committed multiple offenses that would be punishable consecutively. Here, grievant is allege of actually assaulting only one person c/o Contreras (See Attached exhibit - C). Lt. Jaburek allegations are attempted assault. Attempted assault is not described, defined or acknowledged as actual assault under Section 504.110(b). Therefore, grievant alleged penalty for 601-102(a), and 102(b) should have been

Exhibit - G p5. 4 of 5

# 18-8-21

RECEIVED AUG 03 2021 MENARD CC GRIEVANCE OFFICE

ran concurrent under Section 504.110 (a) and not consecutively. And should have not exceeded 6 Months. Furthermore, grievant has received only 2 disciplinary report in eleven (11) years. This to should have been considered under Section 504.115 (b), 3.

Finally, the Adjustment committee had an additional decision in which they did not follow according to Section 504.80 K, (1). And that was to decide whether grievant committed the offense base upon all relevant information & evidence. And must be reasonably satified with said relevant information & evidence that grievant committed the offense to be found guilty. The grievant asserts that he was not given a proper impartial due process hearing according to the 504 DR rules. And grievant request that all information & evidence presented here in said grievance be considered. And the charges be followingly expunged from grievant's record file.

RECEIVED JUL 06 2021 ADMINISTRATIVE REVIEW BOARD

Exhibit - G pg. 5 of 5

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**RESPONSE TO OFFENDER'S GRIEVANCE**

### Grievance Officer's Report

Date Received: 07/06/2021  Date of Review: 08/05/2021  Grievance # (optional): 18-8-21

Offender: Faber, Earl  ID#: K82964

**Nature of Grievance:**
IDR
Duplicate Grievance #49-7-21

**Facts Reviewed:**
GRIEVANCE DATED: June 28th, 2021   Offender states he wants to appeal the May 18th, 2021 summary judgment under incident ticket #202100623/1 by Derek J. Jaburek, Offender states the reviewing officer is obligated under section DR 504 to make sure that the disciplinary report is completed properly and if not to make the necessary corrections The incident occurred on May 7th, 2021, the report LT. Jaburek documented the incident as July 5th, 2021 63 days after the actual incident. the error was not corrected 24 hrs. before grievances hearing as required and should be dismissed under section DR 504. Offender grieves he had witnesses that would have provided testimony and statement on his behalf and video to be viewed of incident.

RELIEF REQUESTED: That the charges be following dismissed and expunged from grievances master file.

GRIEVANCE OFFICE REVIEWED: August 5th, 2021 Grievance IDR dispute answered in grievance #49-7-21 duplicate grievance. Adjustment committee never received information of witnesses requested by offender nor witness statement on ODR was not completed. Committee was informed no video footage to review per Stateville Correctional Center.
Based on the nature of the charges, the sanctions imposed by the committee are found to be correct as written and processed in accordance with DR504. Disciplinary will remain as imposed.

**Recommendation:**
It is the recommendation of this Grievance Officer that the inmate's grievance be DENIED

Yvette Baker  - Menard Correctional Center
Print Grievance Officer's Name          Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

### Chief Administrative Officer's Response

RECEIVED
Date Received: AUG 05 2021

[✓] I concur     [ ] I do not concur     [ ] Remand

Action Taken:

AWills    8/5/21
Chief Administrative Officer's Signature          Date

### Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Offender's Signature          ID#          Date

Distribution:  Master File, Offender          Page 1          DOC 0047 (Rev. 3/2019)

Exhibit H pg. 3 of 3

JB Pritzker
Governor



Rob Jeffreys
Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

September 15, 2021

Earl Faber
Register No. K82964
Menard Correctional Center

Dear Mr. Faber:

This is in response to your grievance dated June 28, 2021, regarding a disciplinary report dated May 7, 2021, which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

This office has reviewed your grievance dated June 28, 2021, regarding the disciplinary report you received May 7, 2021 at Stateville Correctional Center.

The Grievance Officer's Report (49-7-21) and subsequent recommendation dated August 4, 2021 and approval by the Chief Administrative Officer on August 5, 2021. This office notes Grievance Officer's Report (18-8-21) is a duplicate grievance.

This office has reviewed the disciplinary report written on May 7, 2021 by Lt. Jaburek citing Faber for the offenses 601.Attempt/102b-Assault, 105-Dangerous Disturbance and 215-Disobeying a Direct Order Essential to Safety and Security; along with the corresponding Adjustment Committee Summary (202100623/1-Men).

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, this office recommends the grievance be denied. However, this office has determined that DR 202100623/1-Men and DR 202100624/1-Men disciplinary actions are to run concurrently in accordance with DR504.110. Therefore, grievant shall serve 3 months C grade, 6 months Segregation and 6 months Contact Visits Restriction.

FOR THE BOARD: *Debbie Knauer*
Debbie Knauer
Administrative Review Board

CONCURRED: *Rob Jeffreys edw*
Rob Jeffreys
Director

CC: Warden, Menard Correctional Center
    Records Office, Menard Correctional Center
    Adjustment Committee, Menard Correctional Center
    Earl Faber, Register No. K82964

Exhibit - J

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

www.illinois.gov/idoc

TO: MEDICAL RECORDS
FROM: EARL FABER K82964 EASTHOUSE/CELL
DATE: 6-3-23

I AM REQUESTING MY MRI THAT SHOWS MY TORN ROTATOR CUFF THANKS AND HOPE TO HEAR FROM YOU SOON. ALSO MY FACIAL INJURIES WHEN I TRANSFERRED IN WHEN SEEN BY NURSE, ON MAY 8th 2021.

SINCERLY,
Earl Faber

CC: M. RECORDS - ORIGINAL
FABER - HAND COPY

---

TO: INTERNAL AFFAIRS
FROM: EARL FABER K82964 EASTHOUSE/CELL
DATE: 6-20-23

I AM RESPECTFULLY REQUESTING PICTURES OF MY INJURIES WHEN I CAME TO MENARD C.C. FROM STATEVILLE ON MAY 8th, 2021. THANKS AND HOPE TO HEAR FROM YOU SOON.

SINCERLY,
Earl Faber

CC: ORIGINAL - INTERNAL AFFAIRS
HAND COPY - EARL FABER

---

TO: MEDICAL RECORDS
FROM: EARL FABER K82964 EASTHOUSE/CELL
DATE: 6-21-23

THIS IS MY 3RD REQUEST TOTAL TRYING TO GET MY MRI REPORTS THAT SHOW MY TORN ROTATOR CUFF AND FACIAL INJURIES WHEN I TRANSFERRED IN FROM STATEVILLE CORRECTIONAL CENTER ON MAY 8th 2021.

SINCERLY,
Earl Faber

CC: ORIGINAL - MEDICAL RECORDS
HAND COPY - EARL FABER

---

TO: INTERNAL AFFAIRS
FROM: EARL FABER K82964 EAST HOUSE/CELL
DATE: 6-9-23

THIS IS MY SECOND REQUEST ASKING FOR THE PICTURES TAKEN WHEN I TRANSFERRED IN FROM STATEVILLE C.C. ON MAY 8th 2021.

SINCERLY,
Earl Faber

CC: ORIGINAL (INTERNAL AFFAIRS)
HAND COPY - EARL FABER